JUANA PETRONA BLANCA THOMSEN, HENRY ALFREDO THOMSEN AND ROBERT GILBERT VALENTINE THOMSEN, SUING ON BEHALF OF THEMSELVES AND CHARLES ARTHUR THOMSEN, AS EXECUTORS UNDER THE LAST WILL AND TESTAMENT OF HUGO ADELBERTO THOMSEN, DECEASED, PLAINTIFFS-APPELLANTS, v. MARIA THERESIA RIEDEL, INDIVIDUALLY AND AS EXECUTRIX, DEVISEE AND LEGATEE UNDER THE LAST WILL AND TESTAMENT OF HENRY JOHN RIEDEL, DECEASED, DEFENDANT-RESPONDENT.

Submitted October 26, 1934—Decided February 4, 1935.

For the appellants, *McDermott, Enright & Carpenter.*

For the respondent, *Pitney, Hardin & Skinner.*

The opinion of the court was delivered by

HETFIELD, J. This appeal is from a judgment of nonsuit entered in the Supreme Court, Essex Circuit, in an action to recover the sum of $27,328.21, alleged to be due the plaintiffs from the defendant, individually and as executrix of the estate of Henry J. Riedel, deceased, under the terms of a certain agreement entered into by the plaintiffs with the defendant's testator and others. The pertinent facts as disclosed by the record, show that the plaintiffs' testator, together with Gustav A. Feddersen and Henry J. Riedel, were general partners, and Pepita Schiller, a special partner, in a partnership engaged in international trade, under the firm name of Thomsen & Company; that in 1917 the firm had an outstanding account of $220,000 against one Gamba, which was reduced to judgment in 1918, and was pending an appeal in the courts of the United States of Brazil at the time of the death of plaintiff's testator, on February 27th, 1918. The plaintiffs duly qualified as executors of the estate, and as such instituted suit in March, 1922, in the Supreme Court of the State of New York against the surviving partners of Thomsen & Company, for an accounting of the assets of the partnership, and of the interest of the plaintiffs' testator therein. This suit resulted in an agreement of settlement dated October 29th, 1923, entered into by the plaintiffs, as executors and beneficiaries under the Thomsen will, with Riedel and Feddersen, the two surviving general partners of Thomsen & Company. This instrument provided, in substance, that in consideration of the plaintiffs surrendering and releasing all partnership interests, except as otherwise provided, which their testator held in Thomsen & Company, to Riedel and Feddersen, the latter, among other things, jointly agreed to pay to the plaintiffs the sum of $16,250 in cash, and also to deliver two notes of $8,125 each, payable January 26th and April 26th, 1924, respectively, with interest

at the rate of six per cent. per annum. Under the terms of said agreement the plaintiffs retained an interest in the Gamba claim, and that part of the document which relates to this reservation, reads as follows:

*"Third:* The parties of the third part agree to pay to the parties of the first part forty per cent. (40%) of whatever may be collected out of the so-called Gamba claim according to the terms of the Partnership Agreement, as, if and when collected, after deduction of legal expenses, court costs and such other expenses as may be necessary in order to effect collection. It is understood by the parties hereto that H. John Riedel and/or Gustav A. Feddersen shall have continuing authority as liquidating partners to collect said debt, and immediately upon the collection of the said Gamba account or any part thereof, the parties of the third part will pay to the parties of the first part forty per cent. (40%) thereof."

After the death of the plaintiffs' testator, a new partnership which assumed the old firm's name, was formed by Riedel, Feddersen and others. Riedel died on September 26th, 1929, and by the terms of his last will and testament, which was probated in Essex county, New Jersey, his widow, the defendant, Maria Riedel, was the sole beneficiary, and also executrix of the estate. It appears that the Gamba judgment was settled on or about September 26th, 1930, and the firm of Thomsen & Company which continued to transact business subsequent to Riedel's death, received the sum of $188,759.57 in cash, and the balance in promissory notes; and on or about the 21st day of January, 1931, the plaintiffs, by reason of said settlement, received the sum of $46,789.65 in cash, and several of the promissory notes given by Gamba. The plaintiffs alleged that the amount received by them did not represent forty per cent. of the Gamba net collection, and instituted suit for the difference, on the theory that Riedel and Feddersen were jointly and severally liable to carry out the terms of the third paragraph of the agreement, and consequently, the Riedel estate was liable under the provisions of the third section of "An act concerning obligations." 3 *Comp. Stat.,*

*p.* 3777. It appears that Feddersen, being in Germany, and therefore not available for service of process, was not made a party to the suit.

The action of the trial court was based upon the grounds that the agreement with respect to the Gamba claim charged Riedel and Feddersen, as surviving partners, that since Riedel died prior to the collection of the said claim, and there being no evidence to show that either he or his estate participated in the collection or disbursement of the money, there was no liability on the part of the defendant, individually, or as executrix.

The sole question presented for the determination of this court, is whether Riedel and Feddersen undertook the collection of the Gamba claim as liquidating partners, on behalf of the old partnership, or jointly obligated themselves, as individuals, to perform such service.

We are of the opinion that the ruling of the trial court was proper. Upon the dissolution of the partnership, caused by the death of Thomsen, it became the duty of the surviving partners to proceed at once to settle the partnership estate, and after paying the firm's debts, to distribute the assets among the surviving partners and the representatives of the deceased partner. It is apparent that this duty was not performed to the satisfaction of the plaintiffs, hence the accounting suit and the subsequent agreement involved in the present litigation, which we think clearly indicates that all parties intended to and did terminate any interest which the plaintiffs had in the partnership, as well as to release Riedel and Feddersen from any further obligations with respect to the partnership, either as individuals or surviving partners, excepting the collection of the Gamba claim. The intent is manifest that this claim was to remain as an asset of the dissolved partnership, to be collected in accordance with the terms of the partnership agreement, and Riedel and Feddersen were to have continuing authority, as liquidating partners, for that purpose. This construction is supported by the ninth paragraph of the agreement, which, in effect, releases and discharges the surviving partners from any and all claims and demands what-

soever, so far as the New York firm of Thomsen & Company is concerned, "excepting the obligations undertaken by this agreement." We think that all these facts tend to show with a convincing certainty, that the parties to the contract understood and intended that the Gamba claim was to remain an asset of the old partnership, and liquidated accordingly. If the contract itself should be regarded indefinite or ambiguous, the purpose of the parties is made clear when we consider the practical construction which the plaintiffs gave it at the time they executed a receipt for the payment on account of the Gamba claim. This instrument reads in part: "Received at New York City this 21st day of January, 1931, from Gustav A. Feddersen, as surviving liquidating partner to collect the so-called Gamba claim, as provided in paragraph 'Third' of said agreement dated October 29th, 1922, &c." This wording is not consistent with the contention of the plaintiffs that the obligation to collect this account was assumed by Riedel and Feddersen as individuals, jointly and severally.

The courts have long recognized the fact, that where there is ambiguity in a written instrument, or doubt as to its proper construction, the practical interpretation by a party to it, is always a consideration of great weight, and there is no surer way to ascertain what the parties intended, than to see what they have done, as they often claim more, but rarely less, than they are entitled to. *Basic Iron Ore Co.* v. *Dahlke*, 103 *N. J. L.* 635; *Albert* v. *Ford Motor Co.*, 112 *Id.* 597; *Brooklyn Life Insurance Company of New York* v. *Dutcher*, 95 *U. S.* 270. At the death of Riedel, Feddersen became the sole surviving liquidating partner of the old firm, and as such had entire control of the collection and distribution of the Gamba claim, it being well settled that on the death of a partner, the right to liquidate the affairs of the partnership devolves upon the surviving partner, and he cannot be deprived of such right by the personal representative of the deceased partner in the absence of any mismanagement. The appellants further argue, that by reason of the new firm having received the money from Gamba, and the Riedel estate

having an interest in the firm at the time of the payment, the estate is liable to the plaintiffs. We can find no merit in this contention, as there is no proof to show that the firm was not acting at the request of Feddersen and in his behalf, or that it had misapplied any of the proceeds of the collection.

The judgment of nonsuit is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 13.

*For reversal*—None.